```
               UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION
```

TIANNA WINGATE and
DELPHIA HUDSON
on behalf of themselves and
all those similarly situated
who consent to representation

       Plaintiffs,        CIVIL ACTION

    v.                      NO. 1:09-CV-3579-CAP

THOMPSON INSURANCE
ENTERPRISES, LLC,

       Defendant.

### O R D E R

This matter is currently before the court on the defendant's multiple motions for sanctions [Doc. Nos. 31, 57, and 59], the plaintiffs' motion to reconsider [Doc. No. 63], motion to compel [Doc. No. 72], motion to strike [Doc. No. 76], and the defendant's motion for extension of time [Doc. No. 78].

### I. Introduction

The named plaintiffs filed this case on behalf of themselves and others similarly situated. They claim that the defendant owes them compensation under the provisions of the Fair Labor Standards Act ("FLSA") for overtime hours they worked as employees of the defendant insurance company pursuant to its policies. Three other plaintiffs, Theresa Tarkey, Teresa Danielson, and Sheila Block, have opted into the suit, and all plaintiffs claim that they were underwriters for the defendant, were made to work more than forty

hours per week without overtime compensation, and that the FLSA gives them a cause of action to recover the compensation they are owed. The defendant's position is that it owes no extra compensation due to an exemption in the FLSA's overtime pay requirement applicable to employees in executive, administrative, or professional positions.

This is the third order issued by the court in this case addressing discovery disputes. The first order [Doc. No. 44], issued on October 26, 2010, granted the defendant's motion to compel supplemental discovery responses based on inadequacies in the plaintiffs' responses to the defendant's written discovery requests. Specifically, the court overruled the plaintiffs' relevancy objections and the plaintiffs' objections based on the status of interrogatories as "contention interrogatories." The court also directed the plaintiffs to produce a privilege log. The court also directed the plaintiffs to fully respond to Interrogatory Nos. 10 and 21 (regarding general and contact information of witnesses) and Production Request Nos. 7 (regarding tax returns).

The second order followed a hearing in open court on December 3, 2010 [Doc. No. 61]. The court ordered the plaintiffs to produce very specific documents responsive to the defendant's discovery requests, to wit, résumés, emails, Facebook communications, drug

testing documents for Plaintiff Wingate, documents from Wingate's divorce proceedings, and Wingate's criminal record. The defendant was ordered to produce an insurance policy it had been withholding. In addition, the court set a scheduling order for the completion of discovery based on the parties' apparent failure to cooperate with each other in doing so. Part of that scheduling order required that the defendant re-depose the plaintiffs if it so chose. These depositions were, according to the defendant, necessitated by the conduct of the plaintiffs' counsel the first time the witnesses were deposed. In the interest of economy and because the motion to impose costs was not ripe [Doc. No. 57], the court deferred ruling on whether the costs of these re-depositions would be borne by counsel for the plaintiffs; this issue is now before the court. The court also ordered Plaintiff Tarkey to appear in Atlanta for her deposition during that same time period.

**II. The defendant's motions for sanctions**

   **A. Doc. No. 31**

   The defendant first moves for sanctions under Rule 11. Rule 11(b) provides, in relevant part, as follows,

   By presenting to the court a pleading, . . . an attorney
   or unrepresented party certifies that to the best of the
   persons's knowledge, information, and belief, formed
   after an inquiry reasonable under the circumstances:
   . . .
   (2) the claims, defenses, and other legal contentions are
   warranted by existing law or by a nonfrivolous argument

> for extending, modifying, or reversing existing law or for establishing new law;
> . . . [and]
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

The defendant contends that, with regard to Plaintiff Wingate's case, a reasonable inquiry into the facts of this case would have revealed that she is clearly an employee whose duties exempted her from the overtime payment requirement in the FLSA. Accordingly, the defendant seeks sanctions for bringing and maintaining the claim.

"In assessing the propriety of Rule 11 sanctions, this Court asks: (1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." Peer v. Lewis, 606 F.3d 1306, 1311 (11th Cir. 2010). In the current case, the arguments propounded by the defendant are more appropriately addressed on summary judgment than on a motion for Rule 11 sanctions. While Rule 11 permits an inquiry in to the facts of a case to determine whether a claim was baseless, the court cannot conclude that either prong of the Rule 11 inquiry is met in this case. Accordingly, the defendant's motion for Rule 11 sanctions [Doc. No. 31] is DENIED.

**B. Doc. No. 57**

On November 23, 2010, prior to the hearing mentioned above, the defendant moved for sanctions based on the conduct of counsel for the plaintiffs at the depositions of his clients, Plaintiffs Wingate, Hudson, and Danielson [Doc. No. 57].

While Rule 32(d) sets out the general rules for depositions,[1]

---

[1](d) **Waiver of Objections.**
(1) To the Notice. An objection to an error or irregularity in a deposition notice is waived unless promptly served in writing on the party giving the notice.
(2) To the Officer's Qualification. An objection based on disqualification of the officer before whom a deposition is to be taken is waived if not made:
    (A) before the deposition begins; or
    (B) promptly after the basis for disqualification becomes known or, with reasonable diligence, could have been known.
(3) To the Taking of the Deposition.
    (A) Objection to Competence, Relevance, or Materiality. An objection to a deponent's competence--or to the competence, relevance, or materiality of testimony--is not waived by a failure to make the objection before or during the deposition, unless the ground for it might have been corrected at that time.
    (B) Objection to an Error or Irregularity. An objection to an error or irregularity at an oral examination is waived if:
        (i) it relates to the manner of taking the deposition, the form of a question or answer, the oath or affirmation, a party's conduct, or other matters that might have been corrected at that time; and
        (ii) it is not timely made during the deposition.
    (C) Objection to a Written Question. An objection to the form of a written question under Rule 31 is

Rule 30(d)(2), upon which the defendant relies, provides, "The court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent."

Included with the defendant's motion is a 29-page inventory of excerpts from the deposition transcripts that demonstrates the conduct of the plaintiffs' counsel at the deposition. The excerpts show that counsel for the plaintiffs engaged in a pattern of behavior that unnecessarily impeded and frustrated the examination of his clients. From voicing objections that were simply inappropriate under Rule 32 to expounding upon objections in a way that indicated to his clients that they should not know certain answers and "clarifying" already clear and succinct answers to simply testifying instead of the witness, Mr. Rosenberg's behavior was inappropriate. Especially inappropriate were many of his instructions to his client not to answer defense counsel's questions. For example, the defendant claims that Mr. Rosenberg made 77 speaking objections in 158 pages of deposition testimony at

---

> waived if not served in writing on the party submitting the question within the time for serving responsive questions or, if the question is a recross-question, within 7 days after being served with it.

Plaintiff Hudson's deposition, that he instructed her not to answer questions approximately 30 times and that, at their depositions, he instructed Plaintiff Wingate not to answer approximately 35 times, and Plaintiff Danielson not to answer approximately 16 times. All in all, Mr. Rosenberg's behavior was so obstructive and pervasive that it denied the defendant the ability to effectively conduct the deposition discovery to which it was entitled. <u>See</u> Federal Rule of Civil Procedure 30(a).

A single example is instructive: while defense counsel (Mr. Kruger) was questioning Plaintiff Wingate about her the entries on her resume, the following exchange occurred on the record:

> Q. But it is your testimony you told the truth when you wrote this document, right?
> MR. ROSENBERG: Right. I am going to object to that. There is no signature line that says under penalty of perjury or the kind of intimation that someone would put in a puff piece of a resume.
> Q. (By Mr. Kruger) Is this a puff piece or is this the truth?
> MR. ROSENBERG: Stop. Just hold on a minute.
> MR. KRUGER: The question is is it a puff piece or is it the truth. Do you have an objection to that?
> MR. ROSENBERG: I am going to put it on there, okay. This is a resume. No more, no less. If you are going to grill her about every word on this thing, do you want her to sign it, is that what you want?
> MR. KRUGER: What is the objection?
> MR. ROSENBERG: It doesn't say she signed it, that it is true and correct under penalty of perjury. She didn't take an oath. It is not an affidavit. It is a resume. To ask her -- wait a minute -- to ask her is it the truth, the whole truth and nothing but the truth is inappropriate for a resume.
> MR. KRUGER: No, it is not.

>MR. ROSENBERG: You are done with the resume.

[Doc. No. 49-4, pp. 254-56]. Although Mr. Kruger continued to ask questions about resume entries, presumably to better understand Plaintiff Wingate's role while employed with the defendant, he was faced with continued badgering in line with the above exchange. See also id. p. 264 (interrupting Mr. Kruger to encourage him to move on to "more important stuff"); id. p. 265 (indicating that Mr. Rosenberg was making mock snoring noises during the deposition).

Because the conduct of counsel for the plaintiffs was so obstructive in this case, the court elects to exercise its discretion to sanction Mr. Rosenberg in the amount necessary to cover the costs and attorney's fees incurred by the defendant in re-deposing Plaintiffs Wingate, Hudson, and Danielson in this case as well as the costs and attorney's fees incurred by the defendant in bringing and defending its motion for sanctions [Doc. No. 57]. The defendant is DIRECTED to submit to the court proof of those costs and fees within fourteen days of the date of this order. The plaintiffs shall have fourteen days from that submission in which to object to the amount of the fees and costs submitted by the defendant.

### B. Doc. No. 63

In their response to the defendant's motion for sanctions for

improper deposition conduct, the plaintiffs also move for reconsideration of the court's decision to allow the defendant to re-depose certain of the plaintiffs [Doc. No. 63]. The plaintiffs enumerate two reasons for concluding that the defendant's sanctions motion [Doc. No. 57] is improper: that it is procedurally incorrect and that it is untimely filed. Tellingly, however, it does not attempt to legitimize Mr. Rosenberg's disruptive deposition behavior.

While the plaintiffs rely on the provisions of Rule 37, which first require that a motion to compel be granted in order for sanctions to be appropriate, see Rule 37(a)(5)(A), the defendant in this case, as shown above, relied on Rule 30(d)(2) as its basis for requesting sanctions, a subsection that explicitly authorizes the award of an appropriate sanction under circumstances such as those present in this case. Accordingly, the plaintiffs' motion [Doc. No. 63] is DENIED.

### C. Doc. No. 59

Pursuant to Rule 37(b), the defendant brought its motion to dismiss and/or for sanctions [Doc. No. 59] on December 2, 2010, one day before the discovery hearing already mentioned in this case and one day after the court noticed the hearing.

In the motion, the defendant complains that the plaintiffs failed to comply with the court's order of October 26, 2011, in

that they failed to produce certain documents and sufficiently respond to the defendant's interrogatories. In addition, the defendant complains that it had been, to that point, unable to schedule a deposition of Plaintiff Tarkey near her home in Minnesota.

It appears to the court that the plaintiffs' supplemental documentary discovery was inadequate as originally produced in that it was essentially non-responsive and often simply stated, "Each of the four deposed Plaintiffs have responded and provided this information in their depositions" [Doc. No. 59-3, supplemental response nos. 2, 4, 15, 18, 19, 20, and 22]. Nevertheless, in this case, it appears that sanctions are inappropriate for two distinct reasons. First, it appears that the defendant's motion was brought prematurely and that, instead of working with counsel for the plaintiffs to secure the discovery requested, counsel for the defendant sent an email to counsel for the plaintiffs at 5:34 p.m. on December 1, 2010, outlining the exact discovery issues found in the motion for sanctions [Doc. No. 59-4].[2] The motion was filed the next day at 5:49 p.m. The court finds that notice of only one day is insufficient to warrant sanctions; counsel for the defendant

---

[2] The court also notes that the email printout shows that both the "From:" and "To:" lines in the email header read "Kruger, Walter," another indication that Mr. Rosenberg may not have received proper notice from Mr. Kruger.

should have given counsel for the plaintiffs more time to comply with the perceived insufficiencies in discovery production before filing a motion for sanctions with the court.

Second, although the first order disposing of discovery disputes in this case warned, "The court will entertain a motion for sanctions under Federal Rule of Civil Procedure 37(b) if the plaintiffs fail to comply with this order," [Doc. No. 44, p. 6], the court found cause to clarify its directions to the parties after the discovery hearing on December 3, 2011. The court's December 3, 2011, order [Doc. No. 61] explicitly dealt with all of the issues contained in the defendant's motion to dismiss and/or for sanctions [Doc. No. 59]. Accordingly, sanctions are inappropriate at this time, and the defendant's motion [Doc. No. 59] is DENIED.

**III. The plaintiffs' motion to compel and for sanctions [Doc. No. 72]**

The plaintiffs have filed a motion to compel the appearance of the defendant's employees as witnesses pursuant to Rule 30(b)(6) and for sanctions for refusal to comply with this court's order of December 3, 2010 [Doc. No. 72].

The underlying bases for the two requests are twofold. Regarding the motion to compel the appearance of Rule 30(b)(6) witnesses, the plaintiffs set out the objections of defense counsel

at the time the plaintiffs originally noticed the depositions in October. The objection was to the timing of the requests for production of documents in conjunction with the depositions, which were originally to take place in October as well. Since, according to the defendant, it should have had a full thirty days under Rule 34 to produce any requested documents, the noticing of the Rule 30(b)(6) depositions was an improper attempt to make an end run around the time restrictions in Rule 34.

The court's hearing and decision on December 3, 2010, mooted the issues raised by the defendant when the court ordered the defendant's Rule 30(b)(6) representatives to appear between January 10 and January 31, 2011, inclusive [Doc. No. 61]. Further, the defendant appears to have abandoned its timing objections, and, according to its response, all of the requested documents have been produced [Doc. No. 73]. The plaintiffs' motion to compel is therefore DENIED, and the defendant's request to recover its attorney's fees for preparing a defense to a frivolous motion [Doc. No. 73] is also DENIED; the defendant should have expressly waived its objections.

The plaintiffs also complain that defense counsel unilaterally, and in direct contravention of the court's order of December 3, 2010 [Doc. No. 61], and the parties' joint report pursuant thereto [Doc. No. 64], switched the dates of two of his

client's designated Rule 30(b)(6) representatives. The defendant's response, however, shows that the switch occurred only after counsel for the defendant sent several unanswered emails to plaintiffs' counsel requesting that plaintiffs' counsel accommodate a change in schedule almost two weeks prior to the change in schedule that apparently happened [Doc. Nos. 73-1 through 73-3].

The court's purpose in entering the rigid order of December 3, 2010, was to send a message to the parties that they were to cooperate with each other in bringing discovery and ultimately this litigation to a close. The plaintiffs' motion for sanctions based on the defendant's unaccommodated desire to change the order of two deponents not only contravenes the court's purpose, but also does not comport with Rule 37's good faith requirement. The motion for sanctions and the whole of the plaintiffs' motion [Doc. No. 72] are therefore DENIED.

**IV. Timing of the defendant's motion for summary judgment [Doc. Nos. 76 and 78]**

Discovery in this case closed again on February 1 pursuant to the court's December 3, 2010, order [Doc. No. 61]. On February 25, 2011, the defendant filed its motion for summary judgment against all plaintiffs [Doc. No. 74]. Instead of filing a response, the plaintiffs filed a motion to strike the defendant's motion for summary judgment on the grounds that it was filed untimely [Doc.

No. 76].

According to the joint preliminary report and discovery plan filed by the parties [Doc. No. 6, p. 8] that was approved by the court [Doc. No. 8], summary judgment motions were to be filed within twenty days after the close of discovery, "unless otherwise permitted by court order." The defendant's response [Doc. No. 77] points out that the court's December 3, 2010, order dismissed a previous summary judgment filing by the defendant but granted leave to re-file a similar motion "according to the Federal Rules of Civil Procedure and the Local Rules of this court after the discovery period has closed." [Doc. No. 61, p. 4]. Federal Rule of Civil Procedure 56(b) and Civil Local Rule 56.1D each dictate that summary judgment motions are due 30 days after the close of discovery.

While the original scheduling order prescribed a 20 day period to file summary judgment motions, the court's December 3, 2010, order superseded that order and extended the period to 30 days. The plaintiffs' motion to strike [Doc. No. 76] the defendant's motion for summary judgment is GRANTED in part and DENIED in part. It is GRANTED only insofar as it requests that the court suspend the deadline for the plaintiffs to respond to the summary judgment motion until the court has ruled on the motion to strike, and it is otherwise DENIED. The plaintiffs are DIRECTED to file any response

they may have to the defendant's summary judgment motion on or before June 10, 2011. The defendant is DIRECTED to file any reply it may have on or before June 20, 2011.

The defendant's motion for extension of time to file its motion for summary judgment [Doc. No. 78], which incorporates the defendant's arguments from its response to the plaintiffs' motion to strike, is DISMISSED as moot.

**V. Conclusion**

The defendant's motion for Rule 11 sanctions [Doc. No. 31] is DENIED. The defendant's motion for sanctions for improper deposition conduct [Doc. No. 57] is GRANTED as to Mr. Rosenberg in the amount of necessary to cover the costs and attorney's fees incurred by the defendant in re-deposing Plaintiffs Wingate, Hudson, and Danielson in this case as well as the costs and attorney's fees incurred by the defendant in bringing and defending its motion for sanctions [Doc. No. 57]. The defendant is DIRECTED to submit to the court proof of those costs and fees within fourteen days of the date of this order. The plaintiffs shall have fourteen days from that submission in which to object to the amount of the fees and costs submitted by the defendant.

The defendant's motion to dismiss and/or for sanctions [Doc. No. 59] is DENIED. The plaintiffs' motion for reconsideration [Doc. No. 63] is DENIED. The plaintiffs' motion to compel and for

sanctions [Doc. No. 72] is DENIED. The plaintiffs' motion to strike [Doc. No. 76] is GRANTED only insofar as it requests that the court suspend the deadline for the plaintiffs to respond to the summary judgment motion until the court has ruled on the motion to strike, and it is otherwise DENIED. The plaintiffs are DIRECTED to file any response they may have to the defendant's summary judgment motion on or before June 10, 2011. The defendant is DIRECTED to file any reply it may have on or before June 20, 2011. The defendant's motion for extension of time [Doc. No. 78] is DISMISSED as moot.

SO ORDERED, this 26th day of May, 2011.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge